**PATTERSON et al. v. LOUISVILLE & N. R. CO. et al.**

(Circuit Court of Appeals, Fifth Circuit. October 31, 1924.)

No. 4381.

Carriers ⟺201—Special damage to plaintiff must be alleged in suit for charging rate in violation of Interstate Commerce Act.

A suit against a carrier for damages for charging a higher rate on through shipments than the aggregate of rates to intermediate points, in violation of Interstate Commerce Act, § 4 (Comp. St. § 8566), cannot be maintained, without allegation of special damage to plaintiff.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action at law by J. W. Patterson, doing business as the J. W. Patterson Commission Company, and others against the Louisville & Nashville Railroad Company and others.

Judgment for defendants, and plaintiffs bring error. Affirmed.

Edgar Watkins and Mac Asbill, both of Atlanta, Ga., for plaintiffs in error.

John L. Tye and H. C. Peeples, both of Atlanta, Ga., John F. Finerty, of Washington, D. C., and Nelson W. Proctor, of Louisville, Ky. (Tye, Peeples & Tye, of Atlanta, Ga., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The petition in this case is filed in the District Court to recover damages for an alleged breach of section 4 of the Interstate Commerce Act (Comp. St. § 8566), in that the rates charged on certain shipments from certain points to Atlanta, Ga., exceeded in the aggregate the rates to intermediate points between said points of origin and Atlanta. Therefore petitioners alleged that they had filed with the Interstate Commerce Commission a complaint claiming that they had been damaged in an amount equal to the difference between the aggregate lower intermediate rates in effect at the time the shipments moved, the amount of said damage being $30,000. The Commission held said charges to be illegal and made the following award of unreasonableness:

"Upon the record now before us, we find that, while the rates assailed appear not unduly high, they were unreasonable in and to the extent that they respectively exceeded the aggregates of the intermediate rates subject to the act; that complainants made shipments at and bore the charges thereon upon the basis of the through rates and were damaged thereby; and that they are entitled to reparation on the basis of the difference between the respective through rates and the sum of the lowest intermediate rates subject to the act, applicable on all shipments which moved since the dates above stated for the several complainants."

No allegations were made in said petition, or allegation made that any evidence was produced before the Commission, showing any special damage. Demurrers were filed by each defendant to said petition, which, among other grounds, demurred upon the ground that the allegations of fact made in the petition, taken in connection with the exhibits thereto, and the finding of the Interstate Commerce Commission, failed to show that any actual damage had been sustained by the complainants because of the payment by them of through rates exceeding the aggregate of intermediate rates.

2 F.(2d)—38

There was also a general demurrer that the allegations of fact made in the petition failed to show any right in complainants to recover, and special demurrers to certain paragraphs of the petition. The demurrers were sustained by the court below, and the petition dismissed.

It is necessary to consider only one point here involved, namely, whether a suit for damages can be maintained under the state of facts stated in the petition and exhibits, without some allegation of special damage to each of complainants. It is manifest that, if the intermediate rates had been used, unloading and reloading of shipments at intermediate points from point of origin to point of destination would have occurred. This would have occasioned an additional expense to the complainants, which was not apparently considered by the commissioners. There may have been other expenses incident to such a use of intermediate rates. There is no proof as to the matter of use of such rates, and the opinion of the court below shows that many of them are such rates as may be termed only paper rates, and were wholly unused, and involved points at which no business was done, or could be, on account of the want of unloading facilities.

Complaint was also made in the proceedings before the Commission that there had been departures by the carriers from the long and short haul provision of the fourth section complained of, but no proof was made of damage by reason of said departures, and therefore no reparation was allowed on this account. There is no reason why damage should be necessary to be proved as to the long and short haul provision, and not as to the violation of the provision forbidding excess of through rates over the aggregate intermediate rates. The Supreme Court of the United States has distinctly held that proof of actual damage sustained must be shown in the first instance. Penn. R. Co. v. International Coal Co., 230 U. S. 184, 33 S. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315; Mitchell Coal Co. v. Penn. R. Co., 230 U. S. 247, 33 S. Ct. 916, 57 L. Ed. 1472.

In this case even the presumption, arising in ordinary cases, is rebutted, as it is found by the unanimous report of the commissioners that the charge is not unreasonably high, but is only found by a majority of the Commission to be unreasonable, because in excess of the aggregate of intermediate rates.

The judgment of the court below is therefore affirmed.